Robert B. Zelms (State Bar No. 18956)
  *rbz@manningllp.com*
Anthony S. Vitagliano (State Bar No. 009331)
  *asv@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
6909 East Greenway Parkway, Suite 200
Scottsdale, Arizona 85254
Telephone: (480) 477-5269
Facsimile: (480) 477-5268

*Attorneys for Defendant, Clear Energy Systems, Inc.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Axxess Energy LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Clear Energy Systems, Inc., a Nevada corporation,<br><br>Defendant. | Case No. 2:15-cv-01831-MHB<br><br>**DEFENDANT CLEAR ENERGY SYSTEMS, INC.'S ANSWER** |

Defendant, Clear Energy Systems, Inc. ("Defendant"), by and through undersigned counsel, hereby responds to Plaintiff's Complaint as follows:

### I. GENERAL ALLEGATIONS

#### A. Parties

1.  Answering paragraph 1, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations contained in said paragraph.

2.  Answering paragraph 2, Defendant admits the allegations contained in said paragraph.

#### B. Jurisdiction and Venue

3.  Answering paragraph 3, Defendant admits only that this Court has jurisdiction over this matter.

1

4.   Answering paragraph 4, Defendant admits only that this Court has jurisdiction over this matter.

### C.  Factual Background

5.   Answering paragraph 5, Defendant admits only that Defendant was incorporated in May, 2002, and designs and develops a lightweight power generation system.

6.   Answering paragraph 6, Defendant admits only that Defendant has raised financing and has incurred operating expenses including, but not limited to, expenses incurred in engine development.

7.   Answering paragraph 7, said paragraph references a document that speaks for itself.

8.   Answering paragraph 8, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations contained in said paragraph.

9.   Answering paragraph 9, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations contained in said paragraph.

10.  Answering paragraph 10, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations contained in said paragraph.

11.  Answering paragraph 11, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations contained in said paragraph.

12.  Answering paragraph 12, Defendant denies the allegations contained in said paragraph.

13.  Answering paragraph 13, Defendant admits only that Mr. Coors had some contact with Mr. Carmen.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph and therefore denies such allegations.

14. Answering paragraph 14, Defendant admits only that Mr. Coors had some contact with Mr. Carmen. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph and therefore denies such allegations.

15. Answering paragraph 15, Defendant admits only that there was a visit to Defendant's offices sometime around November, 2012. Defendant denies the remaining allegations contained in said paragraph.

16. Answering paragraph 16, Defendant denies the allegations contained in said paragraph.

17. Answering paragraph 17, said paragraph's allegations state a legal conclusion and therefore Defendant denies such allegations and said legal conclusion.

18. Answering paragraph 18, Defendant admits only that in early 2013 Defendant incurred setbacks in its engine development program. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph and therefore denies such allegations.

19. Answering paragraph 19, Defendant denies the allegations contained in said paragraph.

20. Answering paragraph 20, Defendant denies the allegations contained in said paragraph.

21. Answering paragraph 21, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations contained in said paragraph.

22. Answering paragraph 22, Defendant admits only that Mr. Carmen was replaced as its CEO sometime around January 2013.

23. Answering paragraph 23, Defendant admits only that at some point Defendant received a letter making certain allegations and seeking a return of its investment. Defendant denies the remaining allegations contained in said paragraph.

24. Answering paragraph 23, Defendant admits only that it did not rescind the Stock Purchase Agreement and did not refund amounts paid thereunder.

25. Answering paragraph 25, Defendant denies the allegations contained in said paragraph.

26. Answering paragraph 26, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations contained in said paragraph.

27. Answering paragraph 27, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations contained in said paragraph.

28. Answering paragraph 28, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations contained in said paragraph.

### D.  CES's Bankruptcy and Relief from the Automatic Stay

29. Answering paragraph 29, Defendant admits the allegations contained in said paragraph.

30. Answering paragraph 30, said paragraph references a document that speaks for itself.

31. Answering paragraph 31, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations contained in said paragraph.

## II.  CLAIM FOR RELIEF
### (Negligent Misrepresentation)

32. Answering paragraph 32, Defendant restates and incorporates by reference its Answers to all previous paragraphs of Plaintiff's Complaint as set forth herein.

33. Answering paragraph 33, Defendant denies the allegations contained in said paragraph.

34. Answering paragraph 34, Defendant denies the allegations contained in said paragraph.

35. Answering paragraph 35, Defendant denies the allegations contained in said paragraph.

36. Answering paragraph 36, Defendant denies the allegations contained in said paragraph.

37. Answering paragraph 37, Defendant denies the allegations contained in said paragraph.

38. Answering paragraph 38, Defendant denies the allegations contained in said paragraph.

39. Answering paragraph 39, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations contained in said paragraph.

40. Answering paragraph 40, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations contained in said paragraph.

41. Defendant denies the allegations contained in said paragraph.

## AFFIRMATIVE DEFENSES

Defendant states for its Affirmative Defenses and asserts as follows:

1. Defendant denies any allegations not specifically admitted herein.

2. Defendant affirmatively alleges Plaintiff cannot establish the elements of its claims.

3. Defendant affirmatively alleges Plaintiff was not damaged by the alleged conduct of Defendant.

4. Defendant affirmatively alleges that if Plaintiff was damaged, it failed to mitigate those damages.

5. Defendant affirmatively alleges that Plaintiff's injuries were caused in whole or in part by Plaintiff's own fault or the fault of its authorized representatives.

6. Defendant affirmatively alleges that Plaintiff's injuries may have been caused in whole or in part by the fault of a third entity and/or person or third entities and/or persons, whether a party to this action or not.

7. Defendant affirmatively alleges that, pursuant to A.R.S. § 12-2501, et seq., Defendants are responsible, if at all, to Plaintiff only for its proportionate degree of fault, which it specifically denies, and is entitled to have the trier of fact determine at one time the relative degrees of fault for all persons and/or entities whether named as defendants herein or not, and including Plaintiff.

8. Defendant affirmatively alleges that Plaintiff may lack standing for the claims asserted.

9. Defendant affirmatively alleges that Plaintiff may have failed to name an indispensable party.

10. Defendant affirmatively alleges that one or more of Plaintiff's claims may be barred by the applicable statute of limitations.

11. Defendant affirmatively alleges that Plaintiff's claims are barred in whole and/or in part pursuant to one or more of the following doctrines: laches, set off, ripeness, release, waiver, accord and satisfaction, statute of frauds, unclean hands, mistake, failure to avoid damages, business judgment rule, economic loss rule, estoppels, res judicata, standing, lack of duty, and real party in interest.

Defendant reserves the right to amend this Answer at a later time to assert any additional matter constituting an avoidance or affirmative defense, including without limitation, those matters set forth in Rule 8(c) of the Federal Rules of Civil Procedure as discovery shows to be applicable.

WHEREAS Defendant respectfully request that Judgment be entered in its favor on Plaintiff's Complaint as follows:

a. That Plaintiff's Complaint be dismissed with prejudice and Plaintiff take nothing thereby;

b. That Defendant have judgment on Plaintiff's Complaint;

c.      That Defendant be awarded its costs and attorneys' fees incurred, expended and accruing in connection with the defense hereof, as allowed by law; and

d.      For other and further relief as the Court deems just and proper.

DATED: November 19, 2015    **MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**

By:   s/Anthony S. Vitagliano
Robert B. Zelms
Anthony S. Vitagliano
*Attorneys for Defendant, Clear Energy Systems, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2015, I electronically transmitted the attached document to the Clerk's Office using CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Jeffrey S. Leonard
jeffrey.leonard@SacksTierney.com
James S. Samuelson
james.samuelson@sackstierney.com
Sacks Tierney, P.A.
4250 N. Drinkwater Blvd., Fourth Floor
Scottsdale, AZ  85251-3693
*Attorneys for Plaintiff*

A courtesy copy with a copy of the Notice of Electronic filing was also mailed to Honorable Michelle H. Burns on this same date at the following address:

Honorable Michelle H. Burns
Sandra Day O'Connor, U.S. Courthouse, Suite 323
401 W. Washington, SPC 12
Phoenix, AZ  85003

By:  s/Kimberly Sheble